MAR 19 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SILVIA MERINO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:09-cv-1121 |
| ) | |
| EMC MORTGAGE CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

### Memorandum Opinion

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. no. 18) filed on behalf of Defendants EMC Mortgage Corporation ("EMC"); Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 ("Wells Fargo"); Bear Stearns Mortgage Funding Trust 2007-AR2 ("BSMF Trust 2007-AR2"); Bear Stearns Residential Mortgage Corporation ("Bear Stearns Residential"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). For the reasons that follow, Defendants' Motion is hereby GRANTED and this case is DISMISSED WITH PREJUDICE, as any further effort to amend would prove futile.

### I. Background

Plaintiffs filed their Amended Complaint on December 3, 2009, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, as well as claims for declaratory judgment and quiet title, arising out of Plaintiffs' apparent

default on two promissory notes executed in refinancing their home.[1] The pertinent factual allegations in this case are as follows.

Silvia Merino executed a promissory note ("Note One") on a mortgage loan in the amount of $488,000 on January 4, 2007. *See* Amend. Compl. at ¶¶ 11-14. The Note is secured by a deed of trust ("Deed One") signed by Silvia and Marcelo Merino and was recorded in the county land records of Prince William County Virginia.[2] Deed One names "Land Title LLC" as trustee for the benefit of Mortgage Electronic Registration Systems ("MERS") as beneficiary. Deed One also identifies the "Lender" as Bear Stearns Residential Mortgage Corporation. It further states that the "covenants and agreements of this Security Instrument shall bind...and benefit successors and assigns of the Lender." Deed One at ¶ 13. Deed One also provides that the power to conduct a foreclosure sale is not limited only to the original Trustee, and that the Lender has the option to name a Substitute Trustee. *Id.* at ¶¶ 22, 24. On its face, Note One includes the following endorsements: "Pay to the Order of EMC Mortgage Corporation, Without Recourse by Bear Stearns Mortgage Corporation," and "Pay to the Order of Wells Fargo Bank, N.A., as Trustee, Without Recourse by EMC Mortgage Corporation."

Also on January 4, 2007, Plaintiff Silvia Merino executed a second promissory note ("Note Two") indicating a refinance mortgage loan in the amount of $61,000. *See* Amend. Compl. at ¶¶ 11-12, 15, 19. Note Two is also secured by a deed of trust ("Deed Two") signed by both Silvia and Marcelo Merino and also recorded in the land records

---

[1] In their Response in Opposition, Plaintiffs voluntarily withdrew their FDCPA claims, in addition to their claim for attorneys' fees under Count III. Plaintiffs also withdrew their request for injunctive relief sought in the Amended Complaint. Thus, only the two declaratory judgment counts and the quiet title count remain.

[2] Plaintiffs explicitly reference and rely upon the notes and deeds of trust at issue in this case, and do not dispute the authenticity of these documents. Thus, the Court may consider them at this stage in the case. *See American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

for Prince William County, Virginia. Like Deed One, Deed Two identifies the "Lender" in the transaction as Bear Stearns Residential Mortgage Corporation and names Land Title, LLC, as trustee for the benefit of Bear Stearns Residential as the beneficiary. Deed Two also states that the "covenants and agreements of this Security Instrument shall bind...and benefit successors and assigns of the Lender." *See* Deed Two at ¶ 13. Paragraphs 22 and 24 are identical to the same paragraphs in the Deed One. The signature page of Note Two indicates no further endorsements by the lender Bear Stearns.[3]

On August 6, 2009 in Prince William County, a Deed of Appointment of Substitute Trustee was filed in the land records, naming Defendant Equity Trustees, LLC, as the "substitute trustee" under the deed of trust. As indicated by counsel for Defendants at the February 26 hearing, the home at issue has since been foreclosed on due to Plaintiffs' default on Note One.

## II.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6) an adequate Complaint must contain "sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is "facially plausible" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[3] As indicated at the February 26 hearing, the foreclosure proceeded only on Note One. Thus, the Court's analysis that follows, though applicable to both notes, focuses on Note One.

3

III. <u>Analysis</u>

At their core, Plaintiffs' allegations seek to challenge the authority of the various named Defendants to enforce the aforementioned deeds and notes executed by Plaintiffs.[4]

In this case, each promissory note is secured by a deed of trust. The endorsements on Note One indicate that that Bear Stearns transferred the Note to EMC, who then transferred it to Wells Fargo as trustee. Wells Fargo, as trustee, is now the holder of Note One.[5]

Plaintiffs' allegations, though muddled even after amendment, advance the argument that because these notes have been transferred – to another bank, a mortgage backed securities trust, or otherwise – the entities seeking to foreclose on their home are not entitled as a matter of law to do so. Specifically, Plaintiffs allege that "given the splitting, selling, trading, and insuring of the pieces of the Notes on the secondary market, the Deeds of Trust are split from the Notes and are unenforceable . . . ." Amend. Compl. at ¶ 92. However, nothing in Plaintiffs' conclusory allegations provides a plausible basis for relief after considering the settled law of negotiable instruments or the enforcement of deeds of trust securing notes after their negotiation.

Under Virginia law, the holder of an instrument or a nonholder in possession of the instrument with the same rights as the holder may enforce the instrument. Va. Code.

---

[4] In the Amended Complaint and Brief in Opposition to Defendants' Motion to Dismiss, Plaintiffs' counsel repeatedly uses the term "standing" or "Article III standing" in alleging that the various Defendants are without authority to foreclose on the Merinos' home or enforce the promissory notes at issue. Counsel completely conflates and misunderstands the concept of "Article III standing," which refers to a plaintiff's ability to maintain a suit in federal court pursuant to the "case or controversy" requirement found in Article III of the United States Constitution. *See Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992). The same can be said for counsel's insistent citation of FED. R. CIV. P. 17's "real party in interest" requirement which, again, pertains to the ability of a *plaintiff* to bring a suit in federal court. *See* 6A FED. PRAC. & PROC. CIV. § 1543 (2d ed.)("By its very nature, Rule 17(a) applies only to those who are asserting a claim and thus is of most importance with regard to plaintiffs" and parties asserting cross-claims and counterclaims).

[5] As mentioned, Note Two indicates no endorsements.

Ann. §8.3A-301. Furthermore, an individual may be "entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id.* An individual becomes the "holder" of an instrument through the process of negotiation, and if "an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." *Id.* at §8.3A-201(b). Absent a contrary provision, notes are generally freely transferable, and the transferee retains the right to enforce the instrument. *See* Va. Code Ann. § 8.3A-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument..."); *see also Johnson v. Ferris*, 58 Va. Cir. 7, 2001 WL 1829719, at *4 (May 31, 2001 Va. Cir. Ct.)(noting that "in the absence of an express provision against assignment of a contract not involving personal skill, trust, or confidence, the contract is freely assignable" and citing *J. Maury Dove Co. v. New River Coal*, 150 Va. 796 (Va. 1928)).

The explicit terms of the Notes at issue here indicate that they are freely transferable. *See* Note One, ¶ 1 ("I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"); Note Two, ¶ 1 (same). As the Virginia Supreme Court noted long ago, the promise "to pay the several mortgages was a promise to pay the said several negotiable notes secured by said several mortgages to the respective payees thereof, or to the person or persons to whom they might severally be negotiated..." *Blanton v. Keneipp*, 155 Va. 668, 681 (Va. 1931).

By their own allegations, Plaintiffs admit they "refused to pay" on Note One. Amend. Compl. at ¶ 50. In Virginia, the obligation to pay an instrument can only be

5

"discharged as stated in [Title 8.3A] or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract." Va. Code § 8.3A-601. Plaintiffs offer no allegation that they reached an agreement with a noteholder or took any other action which would suffice to discharge the obligation under the Virginia statute. Thus, "to permit the parties to the [instrument] to object to its payment, on any of the grounds stated, would greatly impair the negotiability of bills and notes; their most distinguishing, most useful, and most valued feature." *Whitworth v. Adams*, 1827 WL 1200 an *45 (Va. June 5, 1827).

Next, the so-called "split" of the deeds of trust from the promissory notes alleged by Plaintiffs does not render the deeds unenforceable nor does it leave the promissory notes unsecured. Under Virginia law, when a note is assigned, the deed of trust securing that debt necessarily runs with it. *See Williams v. Gifford*, 139 Va. 779, 784 (1924); *see also Stimpson v. Bishop*, 82 Va. 190, 200-01 (1886)("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery"). Moreover, as the Virginia Supreme Court has recognized, when deeds of trust and their underlying notes are "separate and distinct" documents,

> ... in appropriate circumstances, we have recognized that 'notes and contemporaneous written agreements executed as part of the same transaction will be construed together as forming one contract.' So long as neither document varies or contradicts the terms of the other, terms of one document which clearly contemplate the application of terms in the other may be viewed together as representing the complete agreement of the parties.

*Virginia Housing Development Authority v. Fox Run Ltd. Partnership*, 255 Va. 356, 364-365 (Va. 1998)(citations omitted). Thus, a deed of trust continues to secure the holder of

6

a note and the Court finds nothing about the negotiation or putative securitization of the notes here which renders them unsecured.

In turn, pursuant to Va. Code Ann. § 55-59(9), "[t]he party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby" are empowered to appoint a substitute trustee, "regardless of whether such right and power is expressly granted in such deed of trust." *Id.* Central to Plaintiffs' argument is that Wells Fargo is not the "party secured by the deed of trust" or "the holder of greater than fifty percent of the monetary obligations secured thereby," and thus Wells Fargo was not empowered to name Equity Trustees, LLC as a substitute trustee. However, as discussed above, the faces of the documents referenced in the Amended Complaint plainly indicate that Wells Fargo is the holder of Note One, as trustee, and is thus the "party secured by the deed of trust." Thus, once appointed, the substitute trustee is empowered by Va. Code. § 55-59(7) to foreclose and sell property provided as security for the Note.

Finally, Plaintiffs also advance the argument that because certain of the defendant banks had purchased so-called "credit default swaps" on Plaintiffs' loans, Plaintiffs are thereby discharged from their obligations under the promissory notes because of some sort of impermissible "double recovery." However, as this District recently held in a nearly identical case, and this Court agrees, "[Plaintiff] provides no factual or legal basis, and the Court finds none, to support his contention that because [Plaintiff's] default triggered insurance for any losses caused by that default or 'credit enhancements,' he is discharged from the promissory notes and the Property is released from the deeds of

trust." *Horvath v. Bank of New York*, 2010 WL 538039 at *2 (E.D.Va. January 29, 2010).[6]

### a. **Counts I and II: Declaratory Judgment**[7]

Count I of Plaintiffs' Amended Complaint seeks, *inter alia*, a declaration by the Court that "none of the Defendants has any right, title, or interest" in Note One and that Wells Fargo lacks the appropriate authority to enforce the terms of the Deed One. Amend. Compl. at ¶ 79. Similarly, Count II of Plaintiffs' Amended Complaint seeks, *inter alia*, a declaration that "none of the Defendants has any right, title, or interest" in Note Two. *Id.* at ¶ 85.

First, as this District recently noted in *Horvath*, a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future. 2010 WL 538039 at *1 (citing *Douros v. State Farm Fire and Casualty Co.*, 508 F.Supp.2d 479, 482 (E.D.Va. 2007)(declaratory relief is appropriate where the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding"). In this case, as in *Horvath*, Plaintiffs' home has already

---

[6] Plaintiffs' repeated citation to *Nizan v. Wells Fargo Bank Minnesota Nat. Ass'n*, 274 Va. 481 (Va. 2007) is unavailing. In that case, the Virginia Supreme Court identified that the doctrine of "double recovery" is a *defense* based in equity "that a party with two valid causes of action is entitled to 'seek compensation in each, [but is], nonetheless, estopped from collecting the full amount [of damages] in the second action if they were partially paid therefor in the first.'" *Id.* at 491 (citations omitted). Plaintiffs cite no case indicating this defense can be converted somehow into a basis on which to bring a claim before this Court. Even if that were possible, Plaintiffs' allegations on this issue are completely naked and "devoid of further factual enhancement," *Iqbal*, 129 S. Ct. at 1949 (citations omitted), and provide no plausible basis on which this Court can relieve Plaintiffs from their obligations on the notes and allow them to keep their home free and clear. Interestingly, Wells Fargo also served as trustee of a REMIC trust which acquired the note on the loan at issue in *Nizan*. Conspicuously absent in *Nizan* is any reference to the note's unenforceability because it is held in such a trust.

[7] Count I of the Amended Complaint states that this Count is brought "[v]ersus Defendants Wells Fargo, Bear Stearns Trust, EMC, Bear Stearns, MERS." Count II brings allegations "[v]ersus Defendant Bear Stearns /any named Defendant claiming an interest."

been foreclosed on, and thus, seeking a declaratory judgment as to Defendants' title and interest in the property is inapposite to the underlying purpose of declaratory relief.

Further, as established above, even construing Plaintiffs' allegations liberally, Plaintiffs fail to state a plausible basis on which the Court could grant the declaratory relief sought. As to Note One, the face of the Note indicates the following endorsements: "Pay to the Order of EMC Mortgage Corporation, Without Recourse By [sic] Bear Stearns Mortgage Corporation," and "Pay to the Order of Wells Fargo Bank, N.A., as Trustee, Without Recourse by EMC Mortgage Corporation." Note Two contains no further endorsements and indicates that it is still enforceable by the original lender indicated on the Note, Defendant Bear Stearns Residential Mortgage Corporation.[8] Based on the foregoing, there is no basis on which this Court can declare that "none of the Defendants has any right, title, or interest" in the notes or the property securing them. As such, Counts I and II must be dismissed in their entirety.

### b. Count III: Quiet Title[9]

In Count III, Plaintiffs ask the Court to "enter an Order Quieting Title in the name of Plaintiffs alone…" Amend. Compl. at ¶ 96. Under Virginia law, "[a]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 277 Va. 230, 238 (2009).

---

[8] Plaintiffs argue for the first time in their Brief, but cite no authority for the proposition, that the endorsement appearing on Note One to "Wells Fargo Bank N.A. as Trustee" without any reference to a "corpus" renders that endorsement a nullity. Even if the Court were to consider this allegation now, the Court is unable to discern any basis in law or fact to support it.
[9] Count III of the Amended Complaint is brought "[v]ersus 'any competing interest.'"

For the reasons stated, Plaintiffs offer no plausible basis on which the Court can conclude that they possess good title to the property. Count III must also be dismissed in its entirety.

## IV. Conclusion

In the end, it is apparent to the Court that Plaintiffs' real quarrel is with Virginia's status as a non-judicial foreclosure state. It is not the province of this Court, however, to override or interfere with the scheme the Virginia General Assembly enacted. Plaintiffs' Amended Complaint fails to provide any plausible basis on which this Court can provide relief and this case must be dismissed with prejudice.[10]

An appropriate order shall issue.

Alexandria, Virginia
March 19, 2010

/s/
Liam O'Grady
United States District Judge

---

[10] The Amended Complaint also names Equity Trustees, LLC and Land Title, LLC as defendants, but fails to seek relief from either of these entities specifically. Moreover, it is unclear whether Plaintiffs even sought to serve either. For the reasons stated in this Opinion, the Court has no basis to award relief against either of these would-be parties and thus this case is dismissed in its entirety.